# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SHAWN BURTIS (#532364)**

**VERSUS**

**DARRYL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 17-426-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHAWN BURTIS (#532364)**

**VERSUS**

**DARRYL VANNOY, ET AL.**

CIVIL ACTION

NO. 17-426-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing.

On June 30, 2017, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence entered in 2007 in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana. The petitioner asserts that he received ineffective assistance of counsel.

**Pertinent Procedural History**

At the conclusion of a jury trial, the petitioner was found guilty of two counts of molestation of a juvenile. On December 3, 2007, the petitioner was sentenced to pay a $10,000 fine on each count, and to fifteen years imprisonment on each count, to be served consecutively.

The petitioner appealed his conviction or sentence, which were affirmed on September 23, 2008. *See State v. Burtis*, 08-373 (La. App. 1 Cir. 9/23/08), 2008 WL 4332529. Thereafter, the petitioner sought further review, which was denied by the Louisiana Supreme Court on May 15, 2009. *See State v. Burtis,* 08-2420 (La. 5/15/09), 8 So.3d 581.

On April 15, 2011, the petitioner filed a counseled Application for Post-Conviction Relief, which was denied by the trial court on June 4, 2012. The petitioner sought further review

of the denial of his PCR application, which was denied by the First Circuit, and later by the Louisiana Supreme Court on January 18, 2013. *See State v. Burtis,* 12-2412 (La. 1/18/2013), 107 So.3d 630.

The petitioner filed a second Application for Post-Conviction Relief on or about April 30, 2013, which was denied by the trial court on July 22, 2015. The petitioner sought further review of the denial of his second PCR application, which was denied by the First Circuit, and later by the Louisiana Supreme Court on April 7, 2017. *See State ex rel. Burtis v. State,* 15-2200 (La. 4/7/17), 215 So.3d 228. On June 30, 2017, the petitioner filed the present application.

**Applicable Law and Analysis**

Based upon the foregoing, this Court concludes that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the

interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

The petitioner's conviction became final on August 13, 2009, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court on May 15, 2009 in connection with his direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thereafter, approximately 610 days elapsed until the petitioner filed his PCR application on April 15, 2011. The petitioner's PCR application remained pending until the Louisiana Supreme Court denied his writ application on January 18, 2013. Over four years elapsed between the denial of the petitioner's writ application and the filing the instant petition on June 30, 2017. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner has not shown that he has been pursuing his rights diligently. Such extended periods of inactivity between the petitioner's filings cannot be considered reasonable diligence. Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

The petitioner relies upon the United States Supreme Court decision of *Martinez v. Ryan*, 566 U.S. 1 (2012) to excuse the untimeliness of his federal habeas corpus application. The petitioner asserts that his second Application for Post-Conviction Relief was filed within one year of the decision in *Martinez. See* R. Doc. 9. In *Martinez v. Ryan*, the Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding or

if said counsel was ineffective. 566 U.S. 1, 18 (2012). "However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed." *Shank v. Cain*, 2016 WL 4473193 (E.D. La. Aug. 24, 2016), *citing Martinez v. Ryan, supra*. Specifically, "*Martinez* and *Trevino* do not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel claim." *Id. See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Green v. Cain*, 2015 WL 5060608 (E.D. La. Aug. 25, 2015) ("The equitable ruling in *Martinez* did not encompass, much less excuse, the untimely filing of a federal habeas petition"); *Reynolds v. Stephens*, 2014 WL 2575752 (N.D. Tex. June 9, 2014) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Smith v. Rogers*, 2014 WL 2972884 (W.D. La. July 2, 2014) (same); *Falls v. Cain*, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (same).

      The Martinez case, and the other cases cited by the petitioner, do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Accordingly, *Martinez* provides no support for the petitioner's request for equitable tolling. The petitioner's application, therefore, should be denied as untimely.

      Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**